IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE MAMA LOA FOUNDATION, )<br>THE MAMA LOA TRUST, C. )<br>KAUI JOCHANAN AMSTERDAM, )<br>PRESIDENT )<br> )<br>　　　　Plaintiffs, )<br> )<br>　vs. )<br> )<br>THE STATE OF HAWAII, THE )<br>OFFICE OF HAWAIIAN AFFAIRS, )<br>CHAIRPERSON, COLETTE )<br>MACHADO, INDIVIDUALLY )<br>AND IN OFFICIAL CAPACITY OF )<br>CHAIRPERSON AND TRUSTEE )<br>AND ALL TRUSTEES IN THEIR )<br>INDIVIDUAL AND OFFICIAL )<br>CAPACITY AS OFFICERS AND )<br>TRUSTEES OF THE OFFICE OF )<br>HAWAIIAN AFFAIR, OHA, )<br> )<br>　　　　Defendants. )<br>_____ ) | CV. NO. 12-00088 DAE-KSC |

ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AND (2)
DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiffs' motion and complaint,

the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Temporary

Restraining Order and Injunctive Relief ("Mot.," Doc. # 2) and DISMISSES the

Complaint WITHOUT PREJUDICE.  ("Compl," Doc. # 1.)

On February 14, 2012, Plaintiffs The Mama Loa Foundation, The

Mama Loa Trust, and C. Kaui Jochanan Amsterdam (collectively, "Plaintiffs")

filed a Complaint and a Motion for Temporary Restraining Order and Injunctive

Relief ("Motion") against the State of Hawaii, the Office of Hawaiian Affairs

("OHA"), Colette Machado, and OHA trustees (collectively, "Defendants").

Plaintiffs appear to seek to enjoin OHA and the State of Hawaii from proceeding

on a "land settlement" of certain land.  (Mot. at 2.)  Plaintiffs allege in both their

Motion and Complaint that OHA:

> usurped the authority and violated the Civil Rights of Mama Loa also
> as protected by the Fourteenth Amendment of the US [sic]
> Constitution, have dismissed Mama Loa as the originator of the Office
> of Hawaiian Affairs, which is supported by formal, legal
> documentation, have advanced illegal actions similar to what the
> conspirators did to Queen Liliuokalani, and have contribute [sic] to
> damages suffered by Mama Loa.

(Mot. at 1–2; Compl. at 1–2.)

Based on the following, the Court DENIES Plaintiffs' Motion because

Plaintiffs have not met the standard for issuance of an injunction.  The Court also

DISMISSES the Complaint WITHOUT PREJUDICE for failure to comply with

Federal Rule of Civil Procedure 12(b)(6).

2

## STANDARDS OF REVIEW

### I.      Temporary Restraining Order

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). In Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See also New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (A plaintiff "seeking a restraining order must make a persuasive showing of irreparable harm and likelihood of prevailing on the merits.").

### II.     Sua Sponte Dismissal

#### A.      Federal Rule of Civil Procedure 12(b)(6)

The court may dismiss a complaint pursuant Rule 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.");

3

Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can

dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss

under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916

F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua

sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail

on complaint as alleged).  Additionally, a paid complaint that is "obviously

frivolous" does not confer federal subject matter jurisdiction and may be dismissed

sua sponte before service of process.  Franklin v. Murphy, 745 F.2d 1221, 1227 n.6

(9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global

Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court

and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d

287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required

because the district court lacked subject matter jurisdiction . . . .").

     **B.**    **Federal Rule of Civil Procedure 8**

        A court may also sua sponte dismiss a complaint for failure to comply

with Rule 8.  Rule 8 mandates that a complaint include a "short and plain statement

of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise,

and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true

substance, if any, is well disguised'" may be dismissed sua sponte for failure to

4

satisfy Rule 8.  <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969); <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to <u>sua sponte</u> dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

<u>DISCUSSION</u>

I.   <u>Temporary Restraining Order</u>

Plaintiffs' Motion is deficient for several reasons.  First, a court may issue a temporary restraining order ("TRO") without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

5

party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  Additionally, the

movant or attorney must certify in writing "any efforts made to give notice and the

reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Plaintiffs

failed to comply with either of these requirements.  As to the first requirement,

Plaintiffs have not submitted a proper affidavit or a complaint establishing that

immediate and irreparable injury will occur.  Indeed, neither the Motion nor the

Complaint explain when the alleged "settlement" will occur.  As to the second

requirement, Plaintiffs have not certified in writing any efforts made to put

Defendants on notice of the Motion, nor have they proffered any reason as to why

notice should not be required.

Further, Plaintiffs' Motion fails to establish that they are entitled to

relief.  Plaintiffs' Motion does not show that they are likely to succeed on the

merits, that they will likely suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in their favor, or that an injunction is in the

public interest.  Plaintiffs' Motion is instead filled with conclusory, vague and

confusing allegations without any sufficient facts such that the Court can even

begin to make a reasoned decision.  For example, Plaintiffs do not even properly

identify the lands at issue, nor do they discuss the legal basis for awarding

6

injunctive relief or facts supporting their allegations.  Without more, the Court
cannot evaluate Plaintiffs' request.

Thus, the Court DENIES Plaintiffs' Motion for Temporary
Restraining Order and Injunctive Relief without prejudice.  The Court cautions
Plaintiffs that if they choose to file a subsequent motion for a temporary restraining
order, the motion must explain and provide the factual and legal bases for such
relief.

II.    Sua Sponte Dismissal

Plaintiffs' two-page Complaint is largely identical to their TRO
Motion and is thus similarly plagued with conclusory allegations unsupported by
any factual assertions.  The Complaint also lacks numbered paragraphs and fails to
identify Plaintiffs' causes of action.  For example, the Complaint references "Civil
Rights" and the Fourteenth Amendment, but does not support such claims with any
factual allegations.  These bald allegations, without more, are not sufficient to put
Defendants on notice of the claims against them, nor are they sufficient to
otherwise satisfy the basic pleading requirements of Rule 8 and Rule 12(b)(6).  See
McHenry v. Renne, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of
complaint where "one cannot determine from the complaint who is being sued, for
what relief, and on what theory, with enough detail to guide discovery").

Similarly, Plaintiffs allege that Defendants "advanced illegal actions similar to what the conspirators did to Queen Liliuokalani" but fail to identify or describe the allegedly "illegal actions."  This is precisely the type of vague and confusing allegation that the Supreme Court and Ninth Circuit have cautioned against.  See Hearns, 530 F.3d at 1131 (a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s].")

        Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment."  Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009).  The Court therefore GRANTS Plaintiffs leave to file an amended complaint within forty-five (45) days of the filing of this Order.  If Plaintiffs choose to file an amended complaint, they must do the following: (1) Plaintiffs must clearly and concisely state how each of the named defendants has injured them, as required by Federal Rule of Civil Procedure 8.  In other words, Plaintiff should list each Defendant and explain to the Court what each Defendant, individually, did to them; (2) Plaintiffs must clearly identify the specific causes of action alleged and the factual allegations upon which those

8

claims are based; and (3) Plaintiffs must explain the basis of the Court's jurisdiction.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint.

<u>CONCLUSION</u>

For these reasons, Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief is **DENIED WITHOUT PREJUDICE** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 15, 2012.



_____
David Alan Ezra
United States District Judge

The Mama Loa Foundation, et al. v. The State of Hawaii, et al., Cv. No. 12-00088
DAE-KSC; ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE
RELIEF AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS'
COMPLAINT