IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE MAMA LOA FOUNDATION, THE MAMA LOA TRUST, C. KAUI JOCHANAN AMSTERDAM, PRESIDENT<br><br>    Plaintiffs,<br><br> vs.<br><br>THE STATE OF HAWAII, THE OFFICE OF HAWAIIAN AFFAIRS, CHAIRPERSON, COLETTE MACHADO, INDIVIDUALLY AND IN OFFICIAL CAPACITY OF CHAIRPERSON AND TRUSTEE AND ALL TRUSTEES IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY AS OFFICERS AND TRUSTEES OF THE OFFICE OF HAWAIIAN AFFAIR, OHA,<br><br>    Defendants. | CV. NO. 12-00088 DAE-KSC |

ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AND (2) <u>DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT</u>

    Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs' motion and complaint, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Temporary

Restraining Order and Injunctive Relief ("Mot.," Doc. # 2) and DISMISSES the Complaint WITHOUT PREJUDICE. ("Compl," Doc. # 1.)

On February 14, 2012, Plaintiffs The Mama Loa Foundation, The Mama Loa Trust, and C. Kaui Jochanan Amsterdam (collectively, "Plaintiffs") filed a Complaint and a Motion for Temporary Restraining Order and Injunctive Relief ("Motion") against the State of Hawaii, the Office of Hawaiian Affairs ("OHA"), Colette Machado, and OHA trustees (collectively, "Defendants"). Plaintiffs appear to seek to enjoin OHA and the State of Hawaii from proceeding on a "land settlement" of certain land. (Mot. at 2.) Plaintiffs allege in both their Motion and Complaint that OHA:

> usurped the authority and violated the Civil Rights of Mama Loa also as protected by the Fourteenth Amendment of the US [sic] Constitution, have dismissed Mama Loa as the originator of the Office of Hawaiian Affairs, which is supported by formal, legal documentation, have advanced illegal actions similar to what the conspirators did to Queen Liliuokalani, and have contribute [sic] to damages suffered by Mama Loa.

(Mot. at 1–2; Compl. at 1–2.)

Based on the following, the Court DENIES Plaintiffs' Motion because Plaintiffs have not met the standard for issuance of an injunction. The Court also DISMISSES the Complaint WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 12(b)(6).

STANDARDS OF REVIEW

I. Temporary Restraining Order

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). In Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See also New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (A plaintiff "seeking a restraining order must make a persuasive showing of irreparable harm and likelihood of prevailing on the merits.").

II. Sua Sponte Dismissal

    A. Federal Rule of Civil Procedure 12(b)(6)

The court may dismiss a complaint pursuant Rule 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.");

Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

    B.    <u>Federal Rule of Civil Procedure 8</u>

A court may also sua sponte dismiss a complaint for failure to comply with Rule 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to

4

satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to sua sponte dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

## DISCUSSION

I.    Temporary Restraining Order

Plaintiffs' Motion is deficient for several reasons. First, a court may issue a temporary restraining order ("TRO") without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

5

party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally, the movant or attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs failed to comply with either of these requirements. As to the first requirement, Plaintiffs have not submitted a proper affidavit or a complaint establishing that immediate and irreparable injury will occur. Indeed, neither the Motion nor the Complaint explain when the alleged "settlement" will occur. As to the second requirement, Plaintiffs have not certified in writing any efforts made to put Defendants on notice of the Motion, nor have they proffered any reason as to why notice should not be required.

Further, Plaintiffs' Motion fails to establish that they are entitled to relief. Plaintiffs' Motion does not show that they are likely to succeed on the merits, that they will likely suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. Plaintiffs' Motion is instead filled with conclusory, vague and confusing allegations without any sufficient facts such that the Court can even begin to make a reasoned decision. For example, Plaintiffs do not even properly identify the lands at issue, nor do they discuss the legal basis for awarding

injunctive relief or facts supporting their allegations. Without more, the Court cannot evaluate Plaintiffs' request.

Thus, the Court DENIES Plaintiffs' Motion for Temporary Restraining Order and Injunctive Relief without prejudice. The Court cautions Plaintiffs that if they choose to file a subsequent motion for a temporary restraining order, the motion must explain and provide the factual and legal bases for such relief.

II. Sua Sponte Dismissal

Plaintiffs' two-page Complaint is largely identical to their TRO Motion and is thus similarly plagued with conclusory allegations unsupported by any factual assertions. The Complaint also lacks numbered paragraphs and fails to identify Plaintiffs' causes of action. For example, the Complaint references "Civil Rights" and the Fourteenth Amendment, but does not support such claims with any factual allegations. These bald allegations, without more, are not sufficient to put Defendants on notice of the claims against them, nor are they sufficient to otherwise satisfy the basic pleading requirements of Rule 8 and Rule 12(b)(6). See McHenry v. Renne, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Similarly, Plaintiffs allege that Defendants "advanced illegal actions similar to what the conspirators did to Queen Liliuokalani" but fail to identify or describe the allegedly "illegal actions." This is precisely the type of vague and confusing allegation that the Supreme Court and Ninth Circuit have cautioned against. See Hearns, 530 F.3d at 1131 (a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s].")

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009). The Court therefore GRANTS Plaintiffs leave to file an amended complaint within forty-five (45) days of the filing of this Order. If Plaintiffs choose to file an amended complaint, they must do the following: (1) Plaintiffs must clearly and concisely state how each of the named defendants has injured them, as required by Federal Rule of Civil Procedure 8. In other words, Plaintiff should list each Defendant and explain to the Court what each Defendant, individually, did to them; (2) Plaintiffs must clearly identify the specific causes of action alleged and the factual allegations upon which those

claims are based; and (3) Plaintiffs must explain the basis of the Court's jurisdiction.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint.

## CONCLUSION

For these reasons, Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief is **DENIED WITHOUT PREJUDICE** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 15, 2012.

_____
David Alan Ezra
United States District Judge

The Mama Loa Foundation, et al. v. The State of Hawaii, et al., Cv. No. 12-00088 DAE-KSC; ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT